IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JODI LYN EASTON, | : | |
| Debtor | : | Chapter 7 |
| | : | |
| | : | Case No. 1:12-bk-02505-MDF |

---

| | | |
|---|---|---|
| DONALD M. HOPLER, | : | |
| Plaintiff | : | Adversary No. 1:12-bk-02505-MDF |
| | : | |
| v. | : | Complaint to Determine Dischargeability |
| | : | Pursuant to Bankruptcy Rule 7001(6) |
| JODI LYN EASTON, | : | and 11 U.S.C. § 523(a)(6) |
| Defendant | : | |

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

COMES NOW, Plaintiff, Donald M. Hopler ("Plaintiff"), by and through his attorney, Bret P. Shaffer, Esquire, of Baric Scherer LLC, and files this Complaint to Determine Dischargeability and, in support thereof, sets forth the following:

**STATEMENT OF JURISDICTION**

This Court has jurisdiction to hear this case under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and this proceeding is a core proceeding under 28 U.S.C. § 157, specifically §§ 157(b)(2)(I) and 157(b)(2)(J). This complaint to determine dischargeability is brought pursuant to Bankruptcy Rule 7001(6). The exception to discharge at issue is willful and malicious injury by the debtor to the property of another entity, 11 U.S.C. § 523(a)(6).

**FACTS**

1. Jodi Lyn Easton (hereinafter "Debtor-Defendant") filed this case under Chapter 7 of the Bankruptcy Code on April 25, 2012.

2. Plaintiff is Donald M. Hopler, an adult individual residing at 920 Cranes Gap Road, Carlisle, Pennsylvania, 17013.

3.      Plaintiff previously owned a residential property at 1001 Cranes Gap Road, Carlisle, Pennsylvania, 17013 (hereinafter "rental property").

4.      Debtor-Defendant entered into a lease (of which a true and correct copy is attached as "Exhibit A") with Plaintiff on January 14, 2011, for the rental property.

5.      Under the terms of the lease, Debtor-Defendant was responsible for paying Plaintiff $700.00 per month, for the term of February 1, 2011, to January 31, 2012.

6.      By June 28, 2011, Debtor-Defendant was failing to pay rent to Plaintiff.

7.      On or about June 28, 2011, it was discovered by Plaintiff that several additional people, making eight total tenants, were residing with Debtor-Defendant at the rental property, contrary to the terms of the lease.

8.      When the additional tenants refused to leave the rental property at Plaintiff's request, Plaintiff began eviction proceedings, in accordance with the terms of the lease.

9.      On November 3, 2011, Plaintiff filed two complaints with the Cumberland County, Pennsylvania, Magisterial District Court, No. 09-2-01.

10.     The first case, docketed at MJ-09201-LT-0000075-2011, and recorded at the Cumberland County Court of Common Pleas at Civil Action No. 2011-9402 (hereinafter "Case 11-9402"), resulted in a judgment for Plaintiff in the amount of $3,033.83 ($1,000.00 for physical damages to property, $1,895.00 for rent in arrears, and $138.83 in filing fees).  A true and correct copy of the Notice of Judgment filed with the Cumberland County Court of Common Pleas prothonotary is attached as "Exhibit B."

11.     To record Judgment in the Cumberland County Court of Common Pleas on December 27, 2011, Plaintiff incurred costs of $27.25, as noted by the prothonotary on Exhibit B.

12.     The physical damages in Case 11-9402 included the following:

a) damage to the kitchen floor requiring an 8-foot section to be replaced;

b) broken ceiling fan and light.

13. On January 19, 2012, Plaintiff, through counsel, filed a Praecipe for Notice of Intent to Attach Wages in Case 2011-9402. A true and correct copy of the Praecipe for Notice of Intent to Attach Wages in Case 2011-9402 is attached as "Exhibit C."

14. Costs for the Praecipe for Notice of Intent to Attach Wages were $28.50, as indicated by the Prothonotary on Exhibit C.

15. On January 30, 2012, a Sheriff's Return of Service was docketed to Case 2011-9402, indicating that Sheriff costs of Plaintiff were $34.45. A true and correct copy of the Sheriff's Return of Service is attached as "Exhibit D."

16. Plaintiff was billed $237.95 on February 22, 2012, inclusive of the costs stated in paragraphs 14 and 15 above, for work done by his attorney in the action to attach Debtor-Defendant's wages. A true and correct copy of the February 22, 2012 bill is attached as "Exhibit E." (Note: As Plaintiff's attorney had advanced $100.00 for the sheriff's service, which ended up costing only $34.45, Plaintiff was credited with a Previous Payment of $65.55 on the February 22, 2012 bill.)

17. Plaintiff incurred an additional $280.00 in fees to have his attorney review and potentially contest the Exemption from Wage Attachment filed by Debtor-Defendant on February 15, 2012. A true and correct copy of the $280.00 bill is attached as "Exhibit F."

18. After a cost-benefit analysis of whether to contest the Exemption from Wage Attachment, Plaintiff determined to forego the Wage Attachment and instead execute on his judgment in Case 2011-9402.

19. In executing on his judgment in Case 2011-9402, Plaintiff incurred the following costs:

a) an initial cost for the writ of execution of $29.00 on February 27, 2012 (A true and correct copy of the corresponding receipt is attached as "Exhibit G.");

b) an additional cost of $2.25 was found to be due from Plaintiff (A true and correct copy of the Writ of Execution and/or Attachment showing the $2.25 fee is attached as "Exhibit H.");

c) a $101.49 cost for sheriff service, which was returned as "stayed" due to the bankruptcy filing, was charged to Plaintiff (A true and correct copy of the Sheriff's Return of Service is attached as "Exhibit I.").

20. The second case, docketed at MJ-09201-CV-0000116-2011, and recorded at the Cumberland County Court of Common Pleas at Civil Action No. 2011-9403 (hereinafter "Case 11-9403"), resulted in a judgment for Plaintiff in the amount of $3,377.04 (civil judgment of $2,737.88, attorney fees of $500.00, and filing fees of $139.16).

21. The civil judgment in Case 11-9403 relates to bills Plaintiff was paying on Debtor-Defendant's behalf and is not at issue in the present Complaint.

22. Additionally, the portion of damages in Case 11-9402 related to rent in arrears is not at issue in the present Complaint.

23. At the November 18, 2011 hearing for Cases 11-9402 and 11-9403, Plaintiff learned from Debtor-Defendant that she had vacated the rental property.

24. Plaintiff inspected the rental property on November 18, 2011, after learning that Debtor-Defendant had vacated it.

25. Plaintiff found the keys for the rental property broken off in the doors and the stubs of the keys on the kitchen counter.

26. On a date after November 18, 2011, Debtor-Defendant re-entered the rental property and willfully and maliciously caused damage to the rental property by, amongst other things:

   a) putting holes in drywall throughout house, as well as large scrapes to hardwood flooring;

   b) breaking molding, window locks, door locks, door frames, an electric receptacle, a door knob, window panes;

   c) removing from the property items such as door pistons, molding, light globes, window screens, and sliding rollers from closet doors;

   d) loosening plumbing beneath cabinet, causing water damage and mold;

   e) leaving appliances in unfit and filthy conditions, despite having been newly installed in January 2011;

   f) leaving the property in a generally filthy condition, far above normal wear and tear, including numerous nail holes in the drywall;

   g) pouring red candle wax onto hardwood floors, damaging finish;

   h) leaving several rooms of the house smelling of urine, with stains on interior walls at waist-height, which required sterilization;

   i) allowing pets to claw and chew door jams, causing scratches and paint-chipping;

   j) splattering paint on a closet, cabinets, walls, moldings, the ceiling and the floor;

   k) leaving trash and personal property throughout the rental property, including the storage shed;

   l) disassembling the landscape retaining wall;

   m) separating spouting from gutter.

27. Plaintiff did not notice this damage when he inspected the rental property on November 18, the date that Debtor-Defendant vacated the property.

28. On December 27, 2011, Plaintiff filed a third complaint, docketed at MJ-09201-CV-0000139-2011, in Cumberland County, Pennsylvania, Magisterial District Court, No. 09-2-01.

29. The Magisterial District Justice heard the case on February 1, 2012.

30. Debtor-Defendant offered testimony at the February 1, 2012 trial, admitting that she had re-entered the property and intentionally caused the damage listed above.

31. Judgment was entered against the Debtor-Defendant in the amount of $9,674.56 (judgment of $9,504.73 and filing fees of 169.83). A copy of the Notice of Judgment, as provided to Plaintiff, is attached as "Exhibit J."

32. Debtor-Defendant filed a Notice of Appeal as to this Judgment on or about February 15, 2012, and the case was docketed in the Cumberland County Court of Common Pleas as Civil Action No. 2012-980 (hereinafter "Case 12-980").

33. Plaintiff responded, pro se, to Debtor-Defendant's Notice of Appeal by filing a Complaint on February 17, 2012.

34. The Complaint filed in Case 12-980 in the Court of Common Pleas is currently subject to the automatic stay.

35. Debtor-Defendant's Schedule D lists two secured claims of Plaintiff: the first claim is for Case 11-9402's judgment of $3,033.83; the second claim is for Case 11-9403's judgment of $3,377.04 (which Debtor-Defendant claims is only partially secured).

36. Debtor-Defendant's Statement of Intention seeks to avoid the two secured claims of Plaintiff listed on Debtor-Defendant's Schedule D.

37. On July 12, 2012, Debtor-Defendant filed a Motion to Avoid Judicial Lien, pursuant to 11 U.S.C. § 522, as to Case 11-9403, which was subsequently granted.

38. On July 13, 2012, Debtor-Defendant filed a Motion to Avoid Judicial Lien, pursuant to 11 U.S.C. § 522, as to Case 11-9402, which was subsequently granted.

39. Pursuant to *In re Ewiak*, 75 B.R. 211 (Bankr. W.D. Pa. 1987), avoiding Plaintiff's judgments has no effect on whether the underlying debt is dischargeable.

40. Debtor-Defendant's Schedule F lists Case 12-980's judgment of $9,674.56, asserting that it is an unsecured nonpriority claim.

41. Plaintiff believes and avers, in light of the damages caused—by Debtor-Defendant's own admission—willfully and maliciously in Case 12-980, that the damages determined in Case 11-9402 were also willful and malicious.

42. Plaintiff incurred costs of $293.00 in the filing of this adversary proceeding.

43. Plaintiff has incurred and continues to incur attorney's fees in the present matter.

**COUNT I—DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)**

44. Paragraphs 1-43 are incorporated as if set forth fully herein.

45. 11 U.S.C. § 523(a)(6) excepts from discharge debt incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity."

46. Debtor-Defendant has willfully and maliciously caused injury to Plaintiff's rental property.

47. Plaintiff avers that the amounts that are non-dischargeable under § 523(a)(6) include Case 11-9402's property damages of $1,000.00 and filing fees of $138.83, as well as Case 12-980's entire judgment of $9,674.56. This amount totals $10,813.39.

48. In support of the $10,813.39, which was found appropriate by the Magisterial District Judge, Plaintiff can document that he spent at least $8,870.73, which can be separated into repair and cleaning services for the rental property.

49. For repairs, Plaintiff received an estimate of $7,870.73 (attached as "Exhibit K"), which he paid in full.

50. For cleaning services, Plaintiff received a bill of $1,000.00 (attached as "Exhibit L"), which he has also paid in full.

**COUNT II—DEBTOR-DEFENDANT RESPONSIBLE FOR
PLAINTIFF'S REASONABLE ATTORNEY'S FEES**

51. Paragraphs 1-50 are incorporated as if set forth fully herein.

52. As indicated by the February 22, 2012 and April 30, 2012 bills, attached as Exhibits E and F, respectfully, Plaintiff, prior to filing the instant action had expended $455.00 in attorney's fees to pursue collection of the money due to him for the willful and malicious injury caused to his property.

53. At each turn of the dispute between Plaintiff and Debtor-Defendant, Debtor-Defendant has acted in bad faith, vexatiously, wantonly, and for oppressive reasons to evade Plaintiff in collection of that money owed to him for the property injury caused willfully and maliciously by Debtor-Defendant.

54. Debtor-Defendant has used the legal process in a conscious effort to discourage the collection of nondischargeable debt by increasing Plaintiff's court costs and attorneys' fees at each step of litigation.

55. This Court may award counsel fees using its equitable power under 11 U.S.C. § 105(a).

56. An award of attorneys' fees to Plaintiff is appropriate based upon the Debtor-Defendant acting in bad faith, vexatiously, wantonly, and for oppressive reasons.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a Court order granting the following relief:

a. a declaratory judgment that $1,138.83 of the judgment docketed at Civil Action No. 11-9402 in the Cumberland County Court of Common Pleas is non-dischargeable;

b. a declaratory judgment that the full $9,674.56 of the judgment docketed at Civil Action No. 12-980 in the Cumberland County Court of Common Pleas is non-dischargeable;

c. reasonable attorneys' fees incurred by Plaintiff in pursuit of the nondischargeable debt;

d. such other and further relief as may be just and proper, including but not limited to costs incurred by Plaintiff in pursuit of the nondischargeable debt.

Respectfully submitted,

BARIC SCHERER LLC

Dated: September 11, 2012

/s/ Bret P. Shaffer
Bret P. Shaffer
Attorney I.D. No. 309180
19 West South Street
Carlisle, PA 17013
(717) 249-6873
Fax No. (717) 249-5755
Email: bshaffer@baricscherer.com
Attorney for Plaintiff